IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TSANN KUEN (ZHANGZHOU) ENTERPRISE, CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., HOME DEPOT USA, INC., WAL-MART STORES, INC., SEARS HOLDING CORPORATION, AND DOES 1-9, <br><br> Defendant. | Case No. 14-cv-866 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Tsann Kuen (Zhangzhou) Enterprise, Co., Ltd., ("Tsann Kuen" or "Plaintiff") by its undersigned counsel, complains of patent infringement by Defendants Amazon.com, Inc. and Home Depot USA, Inc. and Wal-Mart Stores, Inc. and Sears Holdings Corporation and Does 1-9 (collectively, "Defendants'), and alleges as follows:

1.      Plaintiff Tsann Kuen is a Chinese company which has a principal place of business in Tsann Kuen Industrial Park, Taiwanese Investment Zone, Zhangzhou, Fujian, China.

2.      Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

3.      Defendant Home Depot USA, Inc. ("Home Depot") is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road N.W., Atlanta, Georgia, 30339.

4.      Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, AR 72716.

5.      Defendant Sears Holdings Corporation ("Sears") is a Delaware corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179.

6.      The Doe Defendants are yet to be identified individuals or entities.  Upon identification, Tsann Kuen will amend its complaint to name specific individuals or entities as defendants.

## JURISDICTION AND VENUE

7.      This is an action arising under the patent laws of the United States, 35 U.S.C.  §§ 101 et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

8.      This Court has personal jurisdiction over the Defendants by virtue of the fact that Defendants regularly conduct business and have continuous and systematic contacts within this judicial district.

9.      Venue is proper under 28 U.S.C. §§ 1391 (b), 1391 (c), 1391(d) and 1400(b).

## FACTUAL BACKGROUND

10.     Tsann Kuen is a company that manufactures and sells, among other things, electric non-stick grills.

11.     Defendant Amazon is an online retailer that sells and distributes a variety of goods including but not limited to books, apparel, and household goods including electric non-stick grills.

12.     Defendant Home Depot is a retailer of home improvement goods, building supplies, tools, and other household goods including electric non-stick grills.

13.     Defendant Wal-Mart is a retailer of home improvement goods, building supplies, tools, and other household goods including electric non-stick grills.

14.     Defendant Sears is a retailer of home improvement goods, building supplies, tools, and other household goods including electric non-stick grills.

15.     Upon information and belief, Amazon has sold and/or offered to sell electric non-stick grills in Wisconsin and in the Western District of Wisconsin.

16.     Upon information and belief, Home Depot has sold or offered to sell electric non-stick grills in Wisconsin and in the Western District of Wisconsin.

17.     Upon information and belief, Wal-Mart has sold or offered to sell electric non-stick grills in Wisconsin and in the Western District of Wisconsin.

18.     Upon information and belief, Sears has sold or offered to sell electric non-stick grills in Wisconsin and in the Western District of Wisconsin.

19.     On March 4, 1997, United States Patent Number 5,606,905 ("the '905' Patent") entitled "Device for Cooking Foodstuffs" was duly and legally issued by the United States Patent and Trademark Office, Michael W. Boehm and Robert W. Johnson as inventors.  Plaintiff  Tsann Kuen is the owner by assignment of all rights, title, and interest in and to the '905 patent. Attached as Exhibit A and incorporated by reference is a true and correct copy of the '905 patent.

20.     Amazon has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '905 Patent by importing, selling, and/or offering to sell the Chef Buddy 82-1233C Electric Non-Stick Grill covered by at least claims 1 and 10 of the '905 Patent within the United States, and/or by contributing to or inducing such infringement. The Chef Buddy 82-1233C Electric Non-Stick Grill contains each of limitations contained within claims 1 and 10 of the '905 Patent.

21.     Home Depot has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, the '905 Patent by importing, selling, and/or offering to sell Chef

3

Buddy 82-1233C Electric Non-Stick Grill covered by at least claims 1 and 10 of the '905 Patent within the United States, and/or by contributing to or inducing such infringement. The Chef Buddy 82-1233C Electric Non-Stick Grill contains each of limitations contained within claims 1 and 10 of the '905 Patent.

22.    Wal-Mart has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, the '905 Patent by importing, selling, and/or offering to sell Chef Buddy 82-1233C Electric Non-Stick Grill covered by at least claims 1 and 10 of the '905 Patent within the United States, and/or by contributing to or inducing such infringement. The Chef Buddy 82-1233C Electric Non-Stick Grill contains each of limitations contained within claims 1 and 10 of the '905 Patent.

23.    Sears has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, the '905 Patent by importing, selling, and/or offering to sell Chef Buddy 82-1233C Electric Non-Stick Grill covered by at least claims 1 and 10 of the '905 Patent within the United States, and/or by contributing to or inducing such infringement. The Chef Buddy 82-1233C Electric Non-Stick Grill contains each of limitations contained within claims 1 and 10 of the '905 Patent.

24.    The Doe Defendant(s) have infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '905 Patent by making, using, importing, selling, and/or offering to sell Chef Buddy 82-1233C Electric Non-Stick Grill covered by at least claims 1 and 10 of the '905 Patent within the United States, and/or by contributing to or inducing such infringement. The Chef Buddy 82-1233C Electric Non-Stick Grill contains each of limitations contained within claims 1 and 10 of the '905 Patent.

## CLAIMS
## COUNT I- PATENT INFRINGEMENT

25.     Tsann Kuen incorporates by reference each of the preceding paragraphs as though they were fully set forth herein.

26.     Defendants are providing, making, using, and/or selling products infringing on Tsann Kuen's '905 Patent within the United States.

27.     Defendants infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, one or more claims of the '905 Patent by providing, making, using and/or selling their aforementioned product within the United States, and/or by contributing to or inducing such infringement by others by providing, installing, making, using, and/or selling the aforementioned produces within the United States.

28.     Defendants' infringement of the '905 Patent is and has been willful, has caused and will continue to cause Tsann Kuen to suffer substantial damages, and has caused and will continue to cause Tsann Kuen to suffer irreparable harm for which there is no adequate remedy at law unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

29.     Plaintiff Tsann Kuen demands a jury on all available counts.

## PRAYER FOR RELIEF

30.     For each of the reasons set forth in this Complaint, Plaintiff Tsann Kuen respectfully requests that the Court enter judgment in its favor and against the Defendants as follows:

> (a)     Adjudge that Defendants Amazon, Home Depot, Wal-Mart, Sears, and the
>
> Doe Defendant(s) have directly infringed the asserted claims of the '905

Patent, contributorily infringed the asserted claims of the '905 Patent, and/or induced infringement of the asserted claims of the '905 patent;

(b)     Enter an order preliminarily and permanently enjoining Defendants Amazon, Home Depot, Wal-Mart, Sears, and the Doe Defendant(s) from any further acts of infringement of the '905 Patent;

(c)     Adjudge that Defendants Amazon, Home Depot, Wal-Mart, Sears, and the Doe Defendant(s)'s infringement has been willful;

(d)     Award Plaintiff Tsann Kuen damages under 35 U.S.C. §284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

(e)     Enter an order awarding Plaintiff Tsann Kuen pre- and post-judgment interest on damages awarded and its costs (including all disbursements) under 35 U.S.C. § 284; and

(f)     Award such other relief as the Court may deem appropriate and just.

Respectfully submitted,

Dated: December 15, 2014                 Casimir Jones, S.C.


                                         /s/ *David A. Casimir*
                                         David A. Casimir
                                         2275 Deming Way
                                         Suite 310
                                         Middleton, WI  53562
                                         Tele:  608.662.1277

                                         Attorney for Plaintiff
                                         Tsann Kuen